Case 3:21-mj-14000-DEA   Document 17   Filed 12/29/21   Page 1 of 5 PageID: 32

FILED
December 29, 2021
At: 10:45 a.m.
William T. Walsh
Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: COURT OPERATIONS UNDER THE : | |
| EXIGENT CIRCUMSTANCES CREATED   : | **STANDING ORDER 2021-11** |
| BY COVID-19 | |

**WHEREAS**, due to the continuing COVID-19 pandemic, the National Emergency, first declared on March 13, 2020, remains in effect, as does the national public health emergency, renewed again by the federal government on October 18, 2021; and

**WHEREAS,** the Centers for Disease Control and Prevention (CDC) and other public health authorities continue to advise taking precautions to reduce the possibility of exposure to COVID-19 and to slow the spread of the disease by, among other things, wearing masks fully covering the nose and mouth, limiting sustained group gatherings of people, maintaining six feet of physical distance from others (social distancing), and limiting sustained indoor activities involving spoken presentations; and

**WHEREAS,** in response to governmental policy and health directives, this Court previously entered Standing Orders, applicable to all persons, including prospective jurors, seeking entry into and occupying this District's courthouses, which mandate the wearing of face coverings (2020-13), establish a COVID-19 protocol (2020-14), and institute temperature screenings (2020-16), as well as a Standing Order (2021-08) mandating that all entrants (with limited exceptions, including jurors) provide proof of full vaccination or negative COVID-19 test results, and said Standing Orders remain in effect; and

**WHEREAS,** pursuant to the CARES Act and its Third Extension of Standing Order 2021-03, this Court's authorization of the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events, during the course of the COVID-19 emergency, remains in effect until February 28, 2022, unless terminated or vacated prior thereto; and

**WHEREAS,** due, in large part, to the spread of the latest, virulent strain of the virus, Omicron, the State of New Jersey has recently been experiencing a spike in cases, with the average positive test rate increasing from 3.5% on November 1, 2021, to 14.5% on December 25, 2021, and with 140,472 total cases having been reported during the period of December 13-26, 2021; and

**WHEREAS,** New Jersey's COVID-19 metrics rose to record-breaking numbers during the prior week, with the 19,481 new confirmed cases reported on December 24, 2021 being the highest one-day total seen in the State throughout the entire two-year pandemic; and

**WHEREAS,** the New Jersey transmission rate is now 1.73, and the number of breakthrough cases is rising, as evidenced by the fact that while 70% of its total population is

fully vaccinated (among the highest rates in the nation), New Jersey is one of the top "hotspots" in the United States, with a 220% increase in cases during the last 14 days; and

**WHEREAS,** health experts expect that increased indoor gatherings and exposure to the virus, during the upcoming holiday, will further fuel the surge of the virus; and

**WHEREAS,** health experts further warn about waning vaccine efficacy, and immunity against the virus may be greatly increased by currently available booster shots, only about one-third of New Jersey's fully vaccinated population had received a booster shot as of mid-December; and

**WHEREAS,** due to the ongoing COVID-19 surge, certain detention facilities within the District are in lock-down status, have increased testing, are enforcing 10-day quarantines for new inmates and unvaccinated inmates returning from court, and have suspended in-person attorney visits indefinitely or are requiring attorney visits to be non-contact;

**WHEREAS,** due to the ongoing surge of COVID-19, it is imperative that this Court continue its strict mitigation protocols to limit the spread of the disease; and

**WHEREAS**, because of the safety protocols implemented by this Court, the District's detention facilities, and elsewhere, the ability of defense counsel to engage in necessary case and field investigations and client consultations, particularly but not exclusively as to detained defendants, is impaired; and

**WHEREAS,** jury selection and jury trials in this District risk exposing large numbers of individuals, including those fully vaccinated, to the virus, especially the highly transmissible Omicron variant;

**WHEREAS,** this Court continues to monitor its operations to identify measures that will help slow the spread of COVID-19 by minimizing contact between persons, while at the same time, preserving its core mission of serving the public through the fair and impartial administration of justice;

**NOW, THEREFORE,** in response to the continuing effects of COVID-19 and its variants, in order to further public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel and the general public, the Court deems it necessary, for a brief period of time, to suspend all in-person judicial proceedings, in both civil and criminal cases, regardless of whether the criminal defendant is in or out of custody,

**IT IS, THEREFORE,** on this 29th day of December 2021, **ORDERED THAT:**

1. Except as otherwise provided herein, all in-person judicial proceedings in this District, in both civil and criminal cases, shall be suspended through January 31, 2022, and judicial proceedings shall be conducted via video and teleconference whenever possible,

to the extent consistent with the Third Extension of Standing Order 2021-03 ("In Re: Video Conferencing and Teleconferencing for Criminal Proceedings under The CARES Act"), which remains in full force and effect.

      2.    Notwithstanding paragraph 1. above, if a defendant does not consent to proceed via video or teleconference for an initial appearance, arraignment, plea or sentencing, the proceeding shall be held in-person, on a date set by the assigned judicial officer, after January 31, 2022.

      3.    Through prior Standing Orders, due to the exigent circumstances created by COVID-19, the Court previously continued all civil and criminal jury selections and jury trials before any district or magistrate judge in any courthouse in the District of New Jersey, during the period of March 16, 2020 through June 1, 2021, and ordered that such period was "excluded time" under the Speedy Trial Act. The Court now ORDERS that all civil and criminal jury selections and jury trials shall also be continued from the date of this Order through January 31, 2022. The Court may issue further Orders concerning future general continuances of any matters as may be deemed necessary and appropriate. All jury selections and trials impacted by this Order will be reset by further Order of the assigned judicial officer.

      4.    Regarding criminal matters, the Court recognizes the trial, procedural and substantive rights of criminal litigants and particularly, their right to a speedy and public trial under the Sixth Amendment (and the particular application of that right in cases involving defendants who are detained pending trial). However, the Court also recognizes the compelling public health and safety issues outlined in this Standing Order, and therefore, pursuant to 18 U.S.C. §3161(h)(7)(A), finds that the ends of justice served by taking such action materially outweigh the best interests of the public and the parties in a speedy trial. Accordingly, the Court ORDERS that the time period covering the date of this Order through January 31, 2022 shall be "excluded time" under the Speedy Trial Act. Having considered the factors outlined in 18 U.S.C. §3161(h)(7)(B), the Court finds specifically, that the failure to grant such continuance would be likely to make a continuation of proceedings impossible, or result in a miscarriage of justice. Such exclusion is necessary to assure that in cases going to trial, there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice. Such exclusion of time is also necessary in cases not yet set for trial, in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in facilities governed by the above-noted protocols), and the inherent delay in the scheduling of further trials, as a consequence of the exclusion period herein. The Court may by further Order extend the period of exclusion as circumstances may warrant, and the assigned judicial officer may, by Order, also do so in connection with any specific proceeding.

      5.    Specifically, regarding criminal cases commenced by complaint, through prior Standing Orders, the Court previously continued the 30-day period established by 18 U.S.C. §3161(b), during which the United States must either obtain an indictment or file an information, for the period of March 16, 2020 through June 1, 2021. Again, due to the exigent circumstances caused by COVID-19, the Court now ORDERS that the 30-day period in 18 U.S.C. § 3161(b) shall be continued from the date of this Order through January 31, 2022. Recognizing the public health and safety issues stated herein, the Court determines that the ends of justice served by

granting such a continuance outweigh the best interest of the public and each defendant in a speedy indictment and a speedy trial in a criminal case. Accordingly, the Court also ORDERS that the time period covering the date of this Order through January 31, 2022 shall be "excluded time" in all criminal proceedings in this District under the Speedy Trial Act, including those proceedings commenced by complaint. The Court further ORDERS that such continuance shall also apply to any time limits established by the Interstate Agreement on Detainers, 18 U.S.C. app. 2, § 2 (art. III).

      6. Until further Order of the Court, grand jury sittings in this District shall be limited and convened only to the extent deemed necessary and warranted under the circumstances.

      7. Based on the interests of justice, in-person meetings between the Government and incarcerated defendants may continue in the physical office space of the U.S. Attorney's Office and other law enforcement facilities designated by the U.S. Attorney's Office, provided that all applicable COVID-19 safety protocols can be observed.

      8. The United States Marshals Service and, if applicable, the Bureau of Prisons, shall take steps necessary to comply with any order authorizing the transfer of incarcerated defendants to the temporary custody of federal law enforcement officers to be transported to the United States Attorney's Office in Newark, Trenton, or Camden, or any other law enforcement facility designated by the Government, for the purpose of in-person meetings with the Government. During the suspension of in-person judicial proceedings as set forth herein, the United States Marshals Service will not be required to transport defendants for meetings with the U.S. Attorney's Office.

      9. The Court's Standing Order 2020-07 ("In Re: Expanded Use of Electronic Signatures Due to the Exigent Circumstances Created by COVID-19") remains in full force and effect, until further Order of the Court.

      10. This Standing Order does not alter filing or discovery deadlines, or deadlines set by the Federal and Local Rules or Court Orders, in civil cases, nor does it toll or extend any applicable statutes of limitation.  Judicial officers may, however, apply the principles of flexibility and accommodation to reasonable requests for filing or scheduling adjustments necessitated by health or safety concerns, or advice or directives of public health officials.

      11. Aside from ordering a jury trial, individual judges presiding over civil and criminal proceedings may take such actions consistent with this Standing Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the substantial rights of the parties.

      12. Consistent with the Court's prior Standing Orders, the requirement in criminal matters of providing courtesy copies of electronic filings to the Court continues to be suspended in all cases, until further Order of the Court.

13. All Central Violations Bureau (CVB) proceedings shall continue to be conducted, at the discretion of the Magistrate Judge, via video and teleconference, until the Court orders otherwise.

14. Any litigant may seek such relief from this Order that he/she deems necessary due to emergent circumstances.

15. This Standing Order supersedes prior Orders, to the extent that they conflict with this Standing Order.

16. Additional Orders addressing Court Operations Under the Exigent Circumstances Created by COVID-19 shall be entered as warranted.

Hon. Freda L. Wolfson
U.S. Chief District Judge
District of New Jersey